IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLES BRUCE THOMAS,           )
                                )
        Plaintiff,              )
                                )
v.                              )        Case No.: 3:05 cv 260 JLF
                                )
ALAN UCHTMAN,                   )
                                )
        Defendants.             )

**ORDER**

This matter is before the Court on the Motion for Appointment of Counsel filed by the

petitioner, Charles Bruce Thomas, on April 12, 2005 (Doc. 2).  The motion is **DENIED**

**WITHOUT PREJUDICE**.

There is no constitutional or statutory right to counsel for a civil litigant.  Stroe v.

Immigration and Naturalization Services, 256 F.3d 498, 500 (7th Cir. 2001);  Zarnes v. Rhodes,

64 F.3d 285, 288 (7th Cir. 1995).  In Heidelberg v. Hammer, 577 F. 2d 429 (7th Cir. 1978), the

Court recognized that the question of whether or not to request an attorney to represent a plaintiff

rests in the sound discretion of the district court "unless denial would result in fundamental

unfairness impinging on due process rights." 577 F.2d at 431; See also  Gil v. Reed, 381 F.3d

649, 656-657 (7th Cir. 2004); 28 U.S.C. § 1915(e)(1).  The Court may only request counsel to

represent an indigent if the likelihood of success is more than just doubtful.  Miller v. Pleasure,

296 F.2d 283, 284 (2nd Cir. 1961).  Under *Special Order No. 13, Order Amending Local Rule*

*1(f)*, as promulgated by the United States District Court for the Southern District of Illinois,

every member of the bar of this Court shall be available for appointment to represent an indigent.

The threshold burden the litigant must meet is to make a reasonable attempt to secure

Dockets.Justia.com

private counsel.  <u>Zarnes</u>, 64 F.3d at 288.  After meeting the threshold burden, there are five

factors that a district court should consider in ruling on a request to appoint counsel.  Those

factors are  (1) whether the merits of the claim are colorable; (2) the ability of the indigent to

investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more

likely be exposed where both sides are represented by counsel; (4) capability of the indigent

person to present the case; and (5) the complexity of  the legal issues raised by the complaint.

<u>See</u>  <u>Merritt v. Faulkner</u>, 697 F.2d 761, 764 (7th Cir. 1983); <u>McKeever v. Israel</u>, 689 F.2d 1315

(7th Cir. 1982); <u>Maclin v. Freake</u> , 650 F.2d 885,887-889 (7th Cir. 1981).

In this case, the plaintiff has not been granted leave to proceed *in forma pauperis*.  In

addition, there is no indication in the plaintiff's motion that he has, or that he has even attempted,

to secure counsel.  Therefore, this motion must be denied.


**DATED: April 29, 2005.**

**s/ Donald G. Wilkerson**
**DONALD G. WILKERSON**
**United States Magistrate Judge**
