IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHARLES BRUCE THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 3:05 cv 260 JLF |
| | ) | |
| ALAN UCHTMAN, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on the Motion for Appointment of Counsel filed by the petitioner, Charles Bruce Thomas, on April 12, 2005 (Doc. 2). The motion is **DENIED WITHOUT PREJUDICE**.

There is no constitutional or statutory right to counsel for a civil litigant. Stroe v. Immigration and Naturalization Services, 256 F.3d 498, 500 (7th Cir. 2001); Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995). In Heidelberg v. Hammer, 577 F. 2d 429 (7th Cir. 1978), the Court recognized that the question of whether or not to request an attorney to represent a plaintiff rests in the sound discretion of the district court "unless denial would result in fundamental unfairness impinging on due process rights." 577 F.2d at 431; See also Gil v. Reed, 381 F.3d 649, 656-657 (7th Cir. 2004); 28 U.S.C. § 1915(e)(1). The Court may only request counsel to represent an indigent if the likelihood of success is more than just doubtful. Miller v. Pleasure, 296 F.2d 283, 284 (2nd Cir. 1961). Under *Special Order No. 13, Order Amending Local Rule 1(f)*, as promulgated by the United States District Court for the Southern District of Illinois, every member of the bar of this Court shall be available for appointment to represent an indigent.

The threshold burden the litigant must meet is to make a reasonable attempt to secure

private counsel.  Zarnes, 64 F.3d at 288.  After meeting the threshold burden, there are five factors that a district court should consider in ruling on a request to appoint counsel.  Those factors are  (1) whether the merits of the claim are colorable; (2) the ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) capability of the indigent person to present the case; and (5) the complexity of  the legal issues raised by the complaint.  See  Merritt v. Faulkner, 697 F.2d 761, 764 (7th Cir. 1983); McKeever v. Israel, 689 F.2d 1315 (7th Cir. 1982); Maclin v. Freake , 650 F.2d 885,887-889 (7th Cir. 1981).

In this case, the plaintiff has not been granted leave to proceed *in forma pauperis*.  In addition, there is no indication in the plaintiff's motion that he has, or that he has even attempted, to secure counsel.  Therefore, this motion must be denied.

**DATED: April 29, 2005.**

                                              **s/ Donald G. Wilkerson**
                                              **DONALD G. WILKERSON**
                                              **United States Magistrate Judge**